**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

CATHERINE WIESELER-MYERS,
individually and on behalf of others similarly
situated,

      Plaintiff,

v.

JOHN C. HEATH, ATTORNEY AT LAW,
PLLC, d/b/a LEXINGTON LAW FIRM, a Utah
professional limited liability company,

      Defendant.

---

### PLAINTIFF'S CLASS ACTION COMPLAINT & JURY DEMAND

---

Plaintiff Catherine Wieseler-Myers ("Plaintiff"), individually and on behalf of all others

similarly situated, brings this class action against defendant John C. Heath, Attorney at Law,

PLLC d/b/a Lexington Law Firm ("Defendant" or "Lexington Law"), and alleges the following

facts and claims upon personal knowledge, investigation of counsel, and information and belief.

### <u>NATURE OF THE CASE</u>

1.      This case arises out of Defendant's unlawful practices of: (1) sending Plaintiff and

putative Class Members text (SMS) messages and (2) making telephone calls to Plaintiff and

putative Class Members using a pre-recorded voice, all without consent and in violation of the

Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*.

2.      Defendant routinely and as a matter of practice sends unconsented text messages

to mobile phones and makes pre-recorded voice phone calls (including the leaving of voice

mails) to both mobile and residential wireline phone numbers across the country in order to solicit customers for its purported credit repair service. Defendant does not obtain consent to place these calls and send these messages via an Automated Telephone Dialer System ("ATDS") or pre-recorded voice and fails to make the required disclosures under the TCPA.

## PARTIES

3.      Plaintiff Catherine Wieseler-Myers is, and at all times relevant was, a citizen and resident of the Town of Basalt, County of Pitkin, State of Colorado. She is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153 (39).

4.      Defendant John C. Heath, Attorney At Law, PLLC d/b/a Lexington Law Firm is a Utah professional limited liability company with its principal place of business located at 360 North Cutler, PO Box 1173, Salt Lake City, Utah 84054. Defendant also has seventeen other offices in various states. Notably, as of October 10, 2017, Lexington Law does not have an office in Colorado, is not registered to do business with the Colorado Secretary of State and, on information and belief, is not licensed to practice law by either the Colorado Supreme Court or the Colorado Bar Association.

## JURISDICTION AND VENUE

5.      This Court has personal jurisdiction over Defendant because (a) a substantial portion of the wrongdoing alleged herein took place in this state, (b) Defendant intentionally avails itself of the markets in this state through the promotion, marketing, and sale of services in this state sufficient to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

2

7.      Venue is proper in this District under 28 U.S.C. § 1391(b) and (c). A substantial

portion of the events and conduct giving rise to the violations of law complained of herein

occurred in this District.

## FACTUAL ALLEGATIONS

### The TCPA

8.      The purpose of the TCPA is to protect consumers from unwanted calls and text

messages, such as those Defendant sent and made to Plaintiff.

9.      Under the FCC's July 10, 2015 Order (the "2015 FCC Order") (Rules and

Regulations Implementing the Telephone Consumer Protection Act of 1991; American

Association of Healthcare Administrative Management, Petition for Expedited Declaratory

Ruling and Exemption; et al, Federal Communications Commission, 30 FCC Rcd. 7961 (July 10,

2015)), companies wishing to place certain call or text messages must obtain prior express

written consent.

10.      The 2015 FCC Order also clarified that telephone calls and text messages have

the same protections under FCC rules, and that text messages are "calls" for purposes of the

TCPA.

11.      When soliciting consent, the consumer consent to receive solicitations must be

unambiguous, meaning the consumer must receive a "clear and conspicuous disclosure:" (1) that

s/he will receive future calls or text messages that deliver auto-dialed and/or pre-recorded

telemarketing messages; and, (2) that consent is not a condition (directly or indirectly) of any

purchase.

12.     Marketers must disclose the following: "By participating, you consent to receive text messages sent through an automatic telephone dialing system."

13.     The elements of a cause of action under the TCPA are: (1) the defendant called a cellular telephone; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent and/or after the recipient had withdrawn consent.

14.     A consumer may recover $500 in statutory damages for each violation of the TCPA, and $1,500 for violations that proved to be willful.

15.     The 2015 FCC Order also requires companies to keep consent records for four (4) years.

**Plaintiff's Experience with Defendant**

16.     On July 24, 2017, Plaintiff received a phone call and voice mail on her mobile phone from the phone number 817-775-3854.

17.     On July 25, 2017, Plaintiff received a phone call and voice mail on her mobile phone from the same phone number.

18.     On July 26, 2017, Plaintiff received a text message on her mobile phone from the same phone number that stated in full: "Here at Lexington Law, we can work with credit bureaus to dispute inaccurate report items! To speak to a credit consultant, call now!"

19.     On July 27, 2017, Plaintiff received a phone call and voice mail on her mobile phone from the same phone number.

20.     On July 27, 2017, Plaintiff received a text message on her mobile phone from the same phone number stating in full: "Is there a better time for you to talk? Lexington Law has credit consultants available now and able to help with the credit goals you have in mind."

21.     On July 28, 2017, Plaintiff received a text message on her mobile phone from the same phone number stating in full: "Here at Lexington Law, we can help create a plan with your credit goals in mind! Credit consultants are available now! Call me so we can get started?"

22.     On information and belief, the phone number 817-775-3854 is controlled by Defendant.

23.     There is nothing personal about the content of the phone calls or text messages Defendant sent to Plaintiff.

24.     On information and belief, the messages and pre-recorded phone calls Plaintiff received from Defendant are similar to or the same as thousands of messages and phone calls placed to the putative Class Members.

25.     Plaintiff listened to the voice mails left by Defendant, which, to paraphrase in relevant part, stated: "We are credit consultants. Press 1 if you would to talk now. Press 2 if you would like us to call you at a different time." Notably, the voice mails do not begin at the beginning of the messages. Rather, the voice mail picks up with the recorded message having started playing before Plaintiff's voice mail system started recording the message. This further indicates the robo-call nature of the calls and voice mails.

26.     On information and belief, Plaintiff and the putative Class Members' phone number was entered into and stored in a dialing database.

27.     On information and belief, Defendant utilized equipment with the capacity to call random, sequential, and/or pre-programmed phone numbers in order to send place calls and send messages to Plaintiff and putative Class Members.

28.     On information and belief, Defendant sent thousands of similar messages and placed thousands of similar pre-recorded phone calls to individuals whose numbers had also been uploaded into the database.

29.     Defendant did not make the requisite disclosures to Plaintiff or Class Members regarding the use of an ATDS and did not obtain Plaintiff or Class Members' prior express written consent to receive text messages for any purpose.

30.     Despite not obtaining prior express written consent or making the requisite disclosures, Defendant sent one (1) or more text messages and phone calls ("calls" in FCC parlance) to Plaintiff advertising its credit repair services. On information and belief, Defendant used an ATDS to place phone calls and send text messages without prior express written consent to Plaintiff.

31.     The messages Plaintiff received were not merely informational, but rather included advertising by, among other things, introducing or announcing the commercial availability of Defendant's credit repair services.

32.     Notably, the messages contained no opt-out language.

33.     The messages appear to be form, impersonal, generic messages sent *en masse*.

34.     Defendant intentionally placed these calls and sent these messages to Plaintiff in order to advertise the availability of certain services available for purchase.

35.     Plaintiff received these messages in violation of the TCPA.

36.     These text messages and pre-recorded phone calls invaded Plaintiff's privacy.

37.     Defendant's conduct of placing calls and sending text messages containing advertising to Plaintiff without consent and without providing the requisite disclosures as described herein was intentional and willful.

38.     On information and belief, Defendant place similar robo-calls and sends similar text messages containing advertising with no opt-out language in the same form and manner as the calls and messages Plaintiff received to mobile phone numbers across the country.

## CLASS DEFINITION AND CLASS ALLEGATIONS

39.     Plaintiff brings this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) & (b)(3) on behalf of herself, on behalf of all others similarly situated, and as a member of the "Class," defined as follows:

> All persons in the United States of America to whom Defendant has placed any pre-recorded voice calls or sent any automated commercial text message for whom Defendant has no record of prior express consent and/or for whom Defendant has no record of providing the required disclosures between October 16, 2013 and the date of class certification of this action.

40.     Excluded from the Class are: (i) Defendant, its assigns, successors, and legal representatives; (ii) any entities in which Defendant has controlling interests; (iii) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (iv) all persons presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (v) any judicial officer presiding over this matter and person within the third degree of consanguinity to such judicial officer.

41.     Plaintiff reserves the right to amend or otherwise alter the class definition presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendant, or otherwise.

42.     **Numerosity**: Members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is presently unknown, and can only be ascertained through appropriate discovery, Plaintiff believes that Class members number in the thousands of persons, if not more.

43.     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class. These questions predominate over any questions affecting only individual class members. Thus, proof of a common set of facts will establish the right of each Class member to recover. Questions of law and fact common to each Class member include, among others:

a.      Whether Defendant has a policy of obtaining express written consent prior to sending text messages to consumers;

b.      If so, whether Defendant enforces such a policy;

c.      Whether Defendant has a policy of providing the disclosures required by the FCC concerning the use of ATDS to consumers prior to sending text messages to consumers;

d.      If so, whether Defendant enforces said policy;

e.      Whether Defendant sends text messages to consumers;

f.      Whether Defendant places phone calls to consumers;

g.      Whether Defendant made calls, en masse, using pre-recorded voice; and

h.    Whether Defendant's conduct, as alleged herein, violates the TCPA.

44.    This action is properly maintainable as a class action for the reasons set forth herein.

45.    **Typicality:** Plaintiff's claims are typical of the claims of the members of the Class she seeks to represent because Plaintiff, like the Class members, received phone calls and text messages from Defendant without providing prior express written consent to or receiving the required disclosures from Defendant. Defendant's practices were and are uniformly directed to all consumers. Plaintiff and the Class sustained similar injuries arising out of Defendant's conduct in violation of federal law. Plaintiff and the members of the Class she represents sustained the same types of damages and losses. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the Class members and are based on the same legal theories.

46.    **Adequacy:** Plaintiff is an adequate representative of the Class she seeks to represent because her interests do not conflict with the interests of the Class members Plaintiff seeks to represent. Plaintiff has retained highly competent counsel experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action, and the interests of members of the Class will be fairly and adequately protected by Plaintiff and her counsel.

47.    **Superiority and Substantial Benefit:** The class action is superior to other available means for the fair and efficient adjudication of Plaintiff's and the Class members' claims. The damages suffered by each individual Class are limited and prescribed by law.

Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. Further, it would be virtually impossible for the Class members to redress the wrongs done to them on an individual basis. Even if members of the Class themselves could afford such individual litigation, the court system could not. Individualized litigation increases the delay and expense to all parties and the court system, due to the complex legal and factual issues of the case. By contrast, the class-action device presents far fewer management difficulties, and provides the benefit of single adjudication, economy of scale, and comprehensive supervision by a single court.

48. Certification of this class action is appropriate under Fed. R. Civ. P. 23(b)(2) & (b)(3) because the questions of law or fact common to the respective members of the Class predominate over questions of law or fact affecting only individual members. Certification is also appropriate because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

49. Certification of Plaintiff's claims for class-wide treatment is also appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

50. Plaintiff and Plaintiff's counsel are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.*
### On behalf of Plaintiff and the Putative Class

51.     Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

52.     Defendant placed commercial phone calls and left commercial mails to the mobile cellular telephones of Plaintiff and the Class.

53.     Defendant sent commercial text messages ("calls" in FCC parlance) to the mobile cellular telephones of Plaintiff and the Class.

54.     On information and belief, Defendant used an ATDS to send commercial text messages to the mobile cellular telephones of Plaintiff and the Class and used a pre-recorded voice to make calls to the cellular telephones and landline phones of the Plaintiff and the Class.

55.     Defendant did not obtain express written consent prior to placing commercial phone calls or sending commercial text messages to Plaintiff or the Class.

56.     Defendant did not provide to Plaintiff or the Class the disclosures required by the FCC concerning the use of a pre-recorded voice or ATDS.

57.     Plaintiff and the Class are entitled to, and seek, awards of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

58.     Plaintiff and the Class are entitled to, and seek, awards of $1,500.00 in statutory damages for each and every violation because Plaintiff alleges Defendant's conduct was and is willful, pursuant to 47 U.S.C. § 227(b)(3)(C).

59.     Plaintiff and the Class are entitled to, and seek, injunctive relief prohibiting such conduct in the future.

60.     Plaintiff and the Class are also entitled to recover reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

A.     For an order certifying this case as a class action and appointing Plaintiff and her counsel to represent the Class;

B.     For an order awarding, as appropriate, monetary damages to Plaintiff and the Class for Defendant's knowing and willful violations of the TCPA;

C.     For an order enjoining Defendant from engaging in the conduct alleged herein;

D.     For an order awarding attorneys' fees and costs;

E.     For an order awarding pre-and post-judgment interest; and

F.     For such other and further relief as the Court deems just and proper.

DATED: October 17, 2017

s/ Michael Aschenbrener
*Michael Aschenbrener*
KamberLaw LLC
220 N Green St
Chicago, IL 60607
Telephone: (212) 920-3072
E-mail: masch@kamberlaw.com

*Steven Woodrow*
Woodrow & Peluso LLC
3900 E Mexico Ave
Suite 300
Denver, CO 80210
Telephone: (720) 213-0675
E-mail: swoodrow@woodrowpeluso.com
*Attorneys for Plaintiff and the Putative Class*